UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | 16-CR-661-2 (ARR) |
| -against- | |
| WILLIAM BARONA ASTAIZA, | NOT FOR ELECTRONIC OR PRINT PUBLICATION |
| *Defendant*. | **OPINION & ORDER** |

ROSS, United States District Judge:

Before me is William Barona Astaiza's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 821 to the United States Sentencing Guidelines. For the reasons stated below, I DENY his motion.

## BACKGROUND

In May 2019, Mr. Barona Astaiza pleaded guilty to international cocaine distribution conspiracy in violation of 21 U.S.C. §§ 963 and 960(b)(B)(ii). ECF No. 90. At the time I originally sentenced him, he had an offense level of 44 and a criminal history category of I (zero criminal history points), corresponding to an advisory guideline range of life imprisonment. *See* Presentence Investigation Report ¶¶ 36, 39, 68, ECF No. 139. This offense level calculation included a three-point aggravating role enhancement pursuant to U.S.S.G. § 3B1.1 given the defendant's role as a manager of a criminal activity involving five or more participants. *Id.* ¶ 30. Mr. Barona Astaiza agreed to the inclusion of this enhancement. Opp'n Mot. Reduce Sentence, Ex. 1 ¶ 2 ("Govt.'s Opp'n"), ECF No. 187 ("The defendant further stipulates to the following Guidelines calculations: . . . a three-level increase, U.S.S.G. § 3B1.1(b), for a managerial role.").

██████████████████████████████████████ On April 26, 2021, I sentenced Mr. Barona Astaiza to 101 months' imprisonment, taking into account ███ his managerial role ███ ██████████████████████████████. ECF No. 173; Govt's Opp'n, Ex. 3 at 8:4-6, 12:3-11, 13:11–14:10. He is expected to be released on August 2, 2024. *See* Mot. Reduce Sentence 1, ECF No. 183; Govt's Opp'n 4.

Mr. Barona Astaiza moved for a sentence reduction on January 24, 2024. ECF No. 183. The government filed its opposition on February 7, 2024. ECF No. 187. Mr. Barona Astaiza did not file any reply.

## DISCUSSION

Amendment 821, as relevant here, added U.S.S.G. § 4C1.1, which provides a two-point offense level reduction for certain defendants who have no criminal history points under Chapter Four, Part A, of the Guidelines. Pursuant to U.S.S.G. § 1B1.10(b)(1), "[i]n determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, I must "determine the amended guideline range that would have been applicable to the defendant if" Amendment 821 "had been in effect at the time the defendant was sentenced." ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ To be eligible for a reduction under Amendment 821, a defendant must meet certain criteria, including that he "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. [§] 848." U.S.S.G. § 4C1.1(a)(10).

2

Mr. Barona Astaiza urges me to exercise my discretion to reduce his sentence because a two-point reduction would bring his total offense level to 42. Mot. Reduce Sentence 3. I am unable to do so: Mr. Barona Astaiza is ineligible for a reduction under § 4C1.1(a)(10) because he received a managerial role adjustment under § 3B1.1. *See* Presentence Investigation Report ¶ 30; Govt's Opp'n, Ex. 1 ¶ 2. The fact that he was not engaged in a continuing criminal enterprise, *see generally* Redacted Superseding Indictment, ECF No. 14, is of no consequence: § 4C1.1(a) states that a defendant must meet "all of the following criteria" to be eligible for a sentence reduction, and a lack of an adjustment under § 3B1.1 is one of those criteria. Courts interpreting this provision have concluded, as do I, that § 4C1.1(a) precludes a sentence reduction for a defendant who, although not engaged in a continuing criminal enterprise, nonetheless received an adjustment under § 3B1.1. *United States v. Urias-Avilez*, No. 15-CR-10152, 2024 WL 626165, at *2 (D. Kan. Feb. 14, 2024); *United States v. Diaz-Pellegaud*, No. 09-CR-40029, 2024 WL 417105, at *2 (D.S.D. Feb. 5, 2024); *United States v. Castaneda Mendez*, No. 20-CR-20155, 2024 WL 216277, at *3 (S.D. Fla. Jan. 18, 2024); *United States v. Gordon*, No. 19-CR-00007, 2023 WL 8601494, at *3 (D. Me. Dec. 12, 2023). I accordingly DENY Mr. Barona Astaiza's motion for a sentence reduction.

SO ORDERED.

                                                      /s/
                                          Allyne R. Ross
                                          United States District Judge

Dated:       March 7, 2024
              Brooklyn, New York